IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EMANUELLA NKEM NNADOZIE *
*
*
v. * Civil No. – JFM-15-391
*
MANORCARE HEALTH SERVICES, *
LLC, ET AL. *
******

## MEMORANDUM

Plaintiff has instituted this action for employment discrimination against various defendants.[1] Discovery has been completed, and defendants have moved for summary judgment. The motion will be granted.

As a preliminary matter, only Heartland Employment Services, LLC, was the employer of plaintiff. Accordingly, the motion for summary judgment filed by the other defendants is granted, and Heartland will be referred to as "defendant" in the remainder of this memorandum.

Plaintiff has not presented any direct evidence of discrimination, and must therefore make out a *prima facie* case of discrimination. The burden then shifts to the employer whom must "articulate some legitimate, non-discriminatory reason for its actions, and the burden then shifts back to the plaintiff to show that the proffered reason is a pretext to conceal a discriminatory act." *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a *prima facie* case of disparate treatment on the basis of race . . . discrimination under Title VII and 42 U.S.C. § 1981, a plaintiff must establish that (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she was subjected to an adverse employment action;

---

[1] Because of a temporary imbalance in caseload, I am handling this case for Judge Garbis.

and (4) similarly situated employees outside of her class received more favorable treatment." *Tibbs v. Balt. City Policy Dep't.*, No. CIV.A. RDB-11-1335, 2012 WL 3655565, at *4 (D. Md. Aug. 23, 2012).

Here, plaintiff has cannot establish that her job performance was satisfactory and that similarly situated employees outside of her class received more favorable treatment than did she. She was terminated for three reasons. First, she had falsely documented providing lab results to a deceased family member of J. B., who had predeceased J. B. Second, defendant determined that plaintiff had used the deceased family member's phone number, for her own purpose, contacting that number while she was on suspension. Third, defendant further determined that plaintiff had falsely documented that she had communicated lab results directly to resident E.W., who denied that plaintiff had spoken to him. Further, defendant determined that plaintiff had falsely documented that she called E.W.'s responsible party and the phone rang with no answer.[2]

Plaintiff also has not demonstrated that "similarly situated employees outside of her class received more favorable treatment" then did she. All of plaintiff's comparators, like plaintiff, are black.[3]

A separate order granting defendants' motion is being entered herewith.

Date: 11/28/16

J. Frederick Motz
United States District Judge

---

[2] Assuming that plaintiff had established a *prima facie* case, the reasons articulated by defendant for the termination of her employment constituted "legitimate, non-discriminatory reason[s]" and plaintiff has not shown that the proffered reason is pretextual.
[3] Plaintiff, who is a native of Africa, asserts a claim for national origin discrimination but has presented no evidence to support that charge.